This Decision is
a Precedent of
the TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500

Mailed: July 21, 2015

Cancellation No. 92057280

Cadbury UK Limited

v.

Meenaxi Enterprise, Inc.

**Robert H. Coggins,**
**Interlocutory Attorney:**

Now before the Board is Respondent's motion to compel Petitioner's responses to Respondent's First Set of Requests for the Production of Documents and Things. Respondent seeks an order that Petitioner produce responsive documents, without the ability to interpose objections, to the office of counsel for Respondent. The motion is fully briefed. Respondent included with its motion the declaration of Jason DeFrancesco, counsel for Respondent; a copy of Respondent's First Set of Interrogatories; a copy of Respondent's First Set of Requests for the Production of Documents and Things; and several emails between the parties showing multiple agreements to extensions of time for Petitioner to respond to discovery, and Respondent's

attempt to resolve the discovery dispute prior to seeking Board intervention. As explained below, the Board grants the motion.

## Background

Respondent served its First Set of Interrogatories and First Set of Requests for the Production of Documents and Things at the same time. Thus, Petitioner's responses were due at the same time, in accordance with Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A).[1] On the due date for responses (which the parties extended by consent several times), Petitioner served objections to the interrogatories but did not respond or object to the document requests.[2] Following Respondent's effort to determine the reason for Petitioner's failure to respond to the document requests and whether Petitioner would provide any response thereto, Respondent filed the current motion to compel.

## Analysis

Trademark Rule 2.120(e)(1), 37 CFR § 2.120(e)(1), requires that a motion to compel discovery be supported by a written statement from the moving party that such party or the attorney therefor has made a good faith effort, by conference or correspondence, to resolve with the other party or the attorney

---

[1] Rules 33 and 34 are applicable to this proceeding pursuant to Trademark Rule 2.116(a), 37 CFR § 2.116(a), which provides that "[e]xcept as otherwise provided, and wherever applicable and appropriate, procedure and practice in *inter partes* proceedings shall be governed by the Federal Rules of Civil Procedure." In this instance, the provisions of Trademark Rule 2.119(c) would not have lengthened the response periods provided by the Federal Rules, because service of the discovery requests was effected by hand delivery.

[2] Petitioner's responses to the interrogatories are not at issue in the motion to compel.

therefor the issues presented in the motion but has been unable to resolve those issues. *See Hot Tamale Mama…and More, LLC v. SF Invs., Inc.*, 110 USPQ2d 1080 (TTAB 2014); s*ee also* Trademark Trial and Appeal Board Manual of Procedure ("TBMP") § 523.02 (2015). Based on the DeFrancesco declaration and exhibits thereto, the Board finds that Respondent made the requisite good faith effort prior to filing the motion and that the "record … reflect[s] an unresolvable situation" between the parties. *Hot Tamale Mama…*, 110 USPQ2d at 1082.[3]

As to the merits, this dispute centers on a typographical error. Respondent concedes that it made a typographical error in its document requests, inadvertently referring in the preamble to Petitioner as "Venture Execution Partners, Inc.," instead of "Cadbury UK Limited." Respondent argues, however, that the error was minor, obvious, and did not render the requests fatally flawed such that Petitioner was relieved from responding at all. Respondent also argues that it amounted to gamesmanship when Petitioner sought, and Respondent agreed, to four extensions of time to respond to "discovery" without ever mentioning the typo or its intent not to respond at all to the document requests.[4] Respondent notes that, aside from

---

[3] Trademark Rule 2.120(e)(1) also requires, in relevant part, that the movant include with its motion to compel a copy of the requests for production at issue. Respondent has also complied with this provision.

[4] Nothing in the briefing of the motion to compel suggests that Petitioner raised the issue of the reference to "Venture Execution Partners, Inc." during discussions regarding the requests for extension of time to respond to discovery.

the typographical error in the preamble referencing an unrelated third party as "Petitioner," the document requests are otherwise correctly captioned. Respondent also notes that the document requests, which themselves contain no separately listed definitions, refer to and incorporate the definitions in Respondent's First Set of Interrogatories. One of the separate, numbered definitions in the interrogatories clearly defines "Petitioner" as "Cadbury UK Limited." It is Respondent's position that, in these circumstances, the single mention of Venture Execution Partners, Inc. in the opening sentence of the document requests is an "obvious typographical error" which does not justify Petitioner's failure to respond in any manner to those requests.

Petitioner argues that the typographical error was a crucial mistake, the result of which is that the document requests were never directed to Petitioner. Petitioner also argues that, although the document requests incorporate the definition of "Petitioner" from the interrogatories, the document requests themselves specifically define "Petitioner" to mean "Venture Execution Partners, Inc.," and that this definition necessarily prevails over the definition in a separate document (i.e., the interrogatories). Petitioner states that Respondent's remedy in this situation is to re-serve a corrected version of its document requests, at which time Petitioner may then respond, interposing objections as it deems appropriate. Because Petitioner agrees that the document requests may be re-served (albeit with the typo corrected), the discovery dispute at issue in the motion to compel essentially boils down to whether Petitioner, by its complete failure to respond to the

requests as originally served, has, in these circumstances, waived its right to interpose objections to the requests.

Pursuant to TBMP § 106.01, documents in a Board *inter partes* proceeding should bear at their top the name and number of the *inter partes* proceeding to which they relate. Pursuant to Trademark Rule 2.194(b)(2), correspondence pertaining to "a registered trademark should identify the registration number, the name of the registrant, and the mark." Respondent's First Set of Requests for the Production of Documents and Things does these things. In addition, the attorney who signed the requests was identified as "Attorney[] for Registrant Meenaxi Enterprise, Inc." This, too, is correct. However, the opening sentence to the preamble to the document requests, on the same title page with the proper caption, states: "Petitioner Meenaxi Enterprise, Inc. (hereinafter 'Registrant') hereby requests that Petitioner *Venture Execution Partners, Inc.* (hereinafter 'Petitioner') produce the requested documents and things...." (emphasis added).[5] In the next paragraph, but still on the same title page, Respondent states that "[t]he definitions and instructions contained in *Registrant Meenaxi Enterprise, Inc.'s First Set of Interrogatories* are hereby incorporated by reference as though fully set forth herein." (emphasis in original). This is important because the document requests do not contain separately-numbered

---

[5] As can be seen, the preamble also mistakenly states "Petitioner Meenaxi," when Meenaxi is obviously the respondent in this proceeding and identifies itself as "Registrant."

definitions but the interrogatories do. The interrogatories (which are also properly captioned), not only correctly identify Petitioner Cadbury UK Limited in the preamble, but they also contain a separately-numbered specific definition of "Petitioner" as "Cadbury UK Limited, and any predecessor or successor corporation or entity; any parent, subsidiary, or affiliated company; and any attorney, officer, director, agent, representative or employee of Cadbury UK Limited or any of the other foregoing entities."[6] The interrogatories make no mention of Venture Execution Partners, Inc.

In arguing that the naming of a third party in the document requests was a crucial mistake—the effect of which was that no requests were ever made to Petitioner—Petitioner cites to Fed. R. Civ. P. 34(b)(2)(A) which provides, in part, that "[t]he party to whom the request is directed must respond in writing within 30 days after being served." Petitioner argues that, under this provision, the document requests at issue were not "directed" to Petitioner and thus triggered no obligation for Petitioner to respond. Notably, however, Petitioner fails to cite any authority to directly support its position that a typographical error of this sort wholly relieves a party from responding to requests for the production of documents and things.

Here, the requests were hand delivered to Petitioner with another document (the interrogatories) which contained an identical caption providing the same proceeding name, proceeding number, subject mark, and

---

[6] The Board does not pass on the appropriateness of this full definition, other than to note that it specifically and correctly refers to Cadbury UK Limited as Petitioner.

registration number, and which is meaningfully referenced within the document requests. There is no question that Petitioner received both the interrogatories and document requests and that each discovery device is correctly captioned, provides other correct information identifying this proceeding, and is properly signed. In this situation, Petitioner's position is unsupportable. *See Sunrider Corp. v. Raats*, 83 USPQ2d 1648, 1652 (TTAB 2007) (objection to notice of deposition as facially deficient overruled where, even though it contained an inadvertent typographical error referencing a third party in its body, it contained "enough other correct information on the face of the notice" including, *inter alia*, correct caption, parties' names, proceeding number, mark, subject application serial number, and signatory). Petitioner should have clearly understood what matter was involved in the document requests notwithstanding the obviously inadvertent reference to "Venture Execution Partners, Inc."

It is noted that the December 9 and 10, 2013, email correspondences between the parties, in which Respondent agreed to and Petitioner acknowledged an extension of time to respond to discovery, refers to "the discovery that Meenaxi served on November 18, 2013." *See* Motion, Exhibit C (12 TTABVUE 40). Petitioner argues that its requests for extension of time to respond to discovery—to which Respondent agreed—"concerned 'discovery,' not 'document requests.'" Brief in Opp., p.2 (14 TTABVUE 3); *see also id.* n.2 (14 TTABVUE 4-5). In other words, Petitioner points out that it never

referred "to the document requests," but only to "discovery." Petitioner thus seeks to shift the blame—for Respondent thinking it was ultimately going to receive responses to its document requests—to Respondent, for incorrectly failing to decipher that Petitioner, by saying only "discovery," was implicitly taking the position that it did not have to respond to the document requests. This is a most spurious argument.

Discovery includes document requests. Title V of the Federal Rules of Civil Procedure is titled "Disclosures and Discovery" and includes Rule 34 which expressly deals with the production of documents and things. The Committee Notes to Title V and to Rule 34 clearly contemplate requests for production of documents and things as a discovery device. For Petitioner to claim that Respondent's document requests were not contemplated by Petitioner's requests to extend time to respond to "discovery" is disingenuous at best, and an affront to the Board and Respondent. Petitioner's argument is further undercut by the fact that when Respondent retained new counsel in this proceeding and asked Petitioner to "kindly send [to new counsel] the discovery and initial disclosures exchanged thus far," Petitioner responded by sending to Respondent's new counsel copies of the "document requests and interrogatories" served upon Petitioner by Respondent's prior counsel. *See* Reply, Exhibit A (February 20, 2014 email correspondence between counsel for the parties) (15 TTABVUE 11). This establishes without doubt that Petitioner knew that the document requests at issue in this motion were

served upon Petitioner and related to this proceeding. Moreover, inasmuch as Petitioner thereafter sent to Respondent an email memorializing the parties' telephone conversation "during which [Respondent] agreed that [Petitioner's] responses to discovery requests would be due [April 3, 2014]," Petitioner tacitly admitted that the document requests were contemplated by the multiple extensions of "discovery" granted by Respondent. *See* Motion, Exhibit G (February 21, 2014 email correspondence from counsel for Petitioner to new counsel for Respondent) (12 TTABVUE 50).

As noted above, the First Set of Requests for the Production of Documents and Things was correctly captioned and contained other correct identifying information. The isolated reference to Venture Execution Partners, Inc., was clearly a typographical error; it did not cause a matter of real confusion or misunderstanding. The motion to compel is the result of Petitioner's attorney apparently concluding, upon the discovery of a typographical error, that he had found an excuse to become pedantic, unreasonable, and uncooperative. The Board expects each party to every case to use common sense and reason when faced with what the circumstances clearly show to be a typographical error. *Cf. Haney v. Saldana*, No. 1:04-cv-05935, 2010 WL 3341939, at *3, *10 (E.D. Cal. Aug. 24, 2010) (motion to compel a request for production granted, the Court stating, "[t]he responding party shall use common sense and reason, and hyper-technical, quibbling, or evasive objections will not be treated with favor" (internal citation omitted) and that the responding party

could have "easily rectified" the meaning of the request "by logically correcting the typographical error"); *Cole v. Saks, Inc.*, No. 5:06-cv-229, 2007 WL 2997453, at *1 (E.D.N.C. Oct. 12, 2007) (case history showing motion to compel granted where male responding party maintained he was not required to respond because discovery requests contained a typographical error and referred to him as "her," even though "General Definitions" section of the interrogatories stated that "[a] masculine, feminine or neuter pronoun shall include all other genders").

Although the mistake of mentioning a third party in the preamble to Respondent's First Set of Requests for the Production of Documents and Things suggests that the document requests were modeled from another case in which Respondent or its prior counsel was involved, the refusal of Petitioner to provide any response to the requests is untenable. If Petitioner had any doubt as to the document requests, it should have contacted Respondent for clarification rather than simply refusing to respond. *See, e.g., Cobalt Multifamily Investors I, LLC v. Arden*, No. 06-cv-6172, 2008 WL 5336664, at *1 (S.D.N.Y. Dec. 18, 2008) (motion to compel document production granted where brief in opposition focused on a single, obvious typographical error). Alternatively, Petitioner could have stated an objection to the potential ambiguity in its written responses and concurrently responded on behalf of itself, as contemplated by the specific definition of "Petitioner" in the incorporated interrogatory definitions. At barest

minimum, Petitioner should have accepted Respondent's explanation, during the later good faith effort to resolve the issue, that the single reference to Venture Execution Partners, Inc., was merely a typographical error.

The Board will not allow a party to avoid its discovery obligations due to an obvious typographical error such as this one. *See Ocean Spray Cranberries, Inc. v. Trundle & Co., Inc.*, Opposition No. 91104411, 1998 WL 132958, at *2 (TTAB March 19, 1998) (although applicant's interrogatories and document requests erroneously referred to opposer's pleaded mark as CRANTISTIC instead of CRANTASTIC, opposer ordered to answer, without objection, all of the discovery requests as if they contained no typographical error; opposer's earlier responses to the discovery requests as written (i.e., with the error) were deemed disingenuous, it being apparent that applicant made a typographical error and opposer should have noted the mistake and answered the discovery requests as they related to opposer's pleaded mark). Petitioner's unreasonable position here has resulted in the filing of an unnecessary motion, wasting the time and resources of both parties and the Board. The Board expects that when there is an obvious and inadvertent typographical error in any discovery request or other filing—particularly where, as here, the intended meaning was clear—the parties will not require the Board's intervention to correct the mistake. *See McGee v. Edwards*, Civ. No. 10-3152, 2012 WL 1805144, at *1 (C.D. Ill. May 17, 2012) (motion to compel granted where discovery requests were correctly captioned but the

body of the requests were directed to another person; reference to another person in the body of the requests "was clearly a typographical error"); *Derry Finance N.V. v. Christiana Cos., Inc.,* 102 F.R.D. 892, 896 (D. Del. 1984) (motion to compel granted over objection that discovery requests were ambiguous due to propounding party's listing of an incorrect party in the requests which were served on the correct party, the Court stating, "[t]he immediate and reasonable conclusion is that [the propounding party] inadvertently allowed the [name of an incorrect party] to be substituted for the [name of the correct party]. That's poor proofreading but not so perplexing that the subpoena can be called ambiguous.").

### Conclusion

Respondent's motion to compel is **granted**. Petitioner is hereby ordered to serve and deliver to the office of counsel for Respondent, no later than **thirty days** from the mailing date of this order, Petitioner's written responses, together with the documents and things responsive to Respondent's First Set of Requests for the Production of Documents and Things, without objection on the merits.[7] *See No Fear*, 54 USPQ2d at 1554. In the event Petitioner fails to respond to Respondent's document requests as ordered herein, Petitioner

---

[7] The Board has previously distinguished objections on the merits of a discovery request from other types of objections such as confidentiality or privilege. *See Amazon Technologies Inc. v. Wax*, 93 USPQ2d 1702, 1706 n.5 (TTAB 2009), *citing No Fear Inc. v. Rule*, 54 USPQ2d 1551, 1554 (TTAB 2000). Petitioner must provide Respondent with a privilege log, if applicable, within the same thirty day period provided above.

may be subject to sanctions, potentially including entry of judgment against it. Fed. R. Civ. P. 37(b)(2); Trademark Rule 2.120(g)(1).

It also must be stressed that Petitioner's conduct has not demonstrated the good faith and cooperation that is expected of litigants during discovery. Such conduct has delayed this proceeding, unnecessarily increased the litigation costs of the parties, wasted valuable Board resources, and interfered with Respondent's ability and, indeed, its right, to take discovery. If Respondent perceives Petitioner as not having complied with the terms of this order, or can establish any further abusive, uncooperative, or harassing behavior from Petitioner, then Respondent's remedy will lie in a motion for entry of sanctions. Sanctions the Board can order, if warranted, may include judgment against Petitioner. *See* TBMP § 527.01 (Motion for Discovery Sanctions) and cases cited therein; *cf. Johnston Pump/Gen. Valve Inc. v. Chromalloy Am. Corp.*, 13 USPQ2d 1719, 1721 n.4 (TTAB 1989) and cases cited therein.

## Schedule

Proceedings are resumed. Dates are reset on the following schedule.

| | |
|---|---|
| Compelled Discovery Due | 30 days |
| Expert Disclosures Due | 9/21/2015 |
| Discovery Closes | 10/21/2015 |
| Plaintiff's Pretrial Disclosures | 12/5/2015 |
| Plaintiff's 30-day Trial Period Ends | 1/19/2016 |
| Defendant's Pretrial Disclosures | 2/3/2016 |
| Defendant's 30-day Trial Period Ends | 3/19/2016 |
| Plaintiff's Rebuttal Disclosures | 4/3/2016 |
| Plaintiff's 15-day Rebuttal Period Ends | 5/3/2016 |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.125. Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.